UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SHINES, | ) | CASE NO. 4:10CV1378 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN T. SHARTLE, | ) | AND ORDER |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Petitioner *pro se* James Shines, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He has also filed Motions to Set Aside Plea Agreement (ECF 2), for Mandatory Judicial Judgment (ECF 3), to Show Cause (ECF 4) and to Proceed *In Forma Pauperis* (ECF 5). On May 27, 2008, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 in the United States District Court for the Eastern District of Missouri. He was sentenced to a term of imprisonment of 151 months. For the reasons set forth below, all of Petitioner's pending Motions are Denied.

Petitioner presents the following three claims in his present Petition:

1. Whether the Warden is executing a void judgment because the judgment was rendered in absence of exclusive jurisdiction of the United States.

2. Whether the Warden is executing a void judgment because the judgment was rendered in absence of the statutory standing of the United States as required under the Collateral Order Doctrine.

3. Whether the Warden is executing a void judgment that was rendered in violation of the Sixth Amendment's effective assistance of counsel provision.

He requests an immediate release from custody, or an evidentiary hearing or a new trial. He contends that he is challenging the judgment and not the Warden's execution.

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Section 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner is challenging his conviction and the fact that a sentence was imposed upon him in the Eastern District of Missouri, not the execution of or manner in which he is

serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, No. 08-306-ART, 2009 WL 129783, at * 1 (E.D. Ky., Jan. 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He is arguing that, because the district court lacked jurisdiction over his case and his counsel was ineffective, he should not have been convicted. None of his grounds for relief pertain to the execution of his sentence. As noted above, except in limited circumstances not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* No. 08-CV-140-JBC, 2008 WL 2246360, at * 2 (E.D. Ky., May 28, 2008) (citing *Capaldi,* 135 F.3d at 1123). Petitioner did not state that he filed a § 2255 Motion. There is no indication that a § 2255 motion would have been inadequate or ineffective, had it been asserted, to test the legality of his detention. In such circumstances, he may not use his § 2241 Petition as a substitute for a proper motion under § 2255.

Accordingly, Petitioner's Motions to Set Aside Plea Agreement (ECF 2), for Mandatory Judicial Judgment (ECF 3), and to Show Cause (ECF 4) are moot and are all **DENIED**. His Motion to Proceed *In Forma Pauperis* (ECF 5) is **GRANTED**. This action is **DISMISSED**. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 10, 2010

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.