# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SHINES, | ) | CASE NO.  4:10cv1378 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN T. SHARTLE, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On August 10, 2010, the Court dismissed *pro se* Petitioner James Shines' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. This matter is now before the Court upon Petitioner's Rule 59(e) Motion to Alter or Amend this Court's August 10, 2010 Order/Judgment. (ECF 9). Petitioner asserted the following three grounds for relief in his Petition:

1. Whether the Warden is executing a void judgment because the judgment was rendered in absence of exclusive jurisdiction of the United States.

2. Whether the Warden is executing a void judgment because the judgment was rendered in absence of the statutory standing of the United States as required under the Collateral Order Doctrine.

3. Whether the Warden is executing a void judgment that was rendered in violation of the Sixth Amendment's effective assistance of counsel provision.

He contended that he is challenging the judgment and not the Warden's execution, and requested an immediate release from custody, or an evidentiary hearing or a new trial. The Court noted that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28

U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

The Court found that Petitioner was challenging his conviction and the fact that a sentence was imposed upon him in the Eastern District of Missouri, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, No. 08-306-ART, 2009 WL 129783, at * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He argued that, because the district court lacked jurisdiction over his case and his counsel was ineffective, he should not have been convicted.

Petitioner now asserts that his claim should not have been excluded from the safety valve because he is challenging the Warden's unlawful execution of a void judgment rendered by a court that did not have the required subject matter jurisdiction on the face of the indictment in accordance with Fed. R. Crim. P. 7.

Petitioner presents in his Motion to Alter or Amend the claim originally raised in his Petition. He is still challenging the validity of his conviction and sentence which relates to imposition, not the execution. His argument has nothing to do with the manner in which he is serving his sentence. *See Velasco v. Lamanna,* 16 Fed. Appx. 311, 314 (6th Cir. 2001) (28 U.S.C. § 2241 is reserved for challenges to the execution of a

sentence such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement.

Accordingly, Petitioner's Rule 59(e) Motion to Alter or Amend this Court's August 10, 2010 Order/Judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 30, 2010

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**